UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MACKING NETTLES JR.,

            Plaintiff,          Case No. 2:21-cv-184

v.                                Honorable Maarten Vermaat

CRAIG WALLIS et al.,

            Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Gimple and Portice. The Court will also dismiss, for failure to state a claim, the conspiracy claims against the remaining Defendants.

**Discussion**

I.     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.  The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.  Plaintiff sues Prison Guard Craig Wallis, Maintenance Employee Unknown Gimple, Sergeant Unknown Portice, and Lieutenant Crystal Bigger.

Plaintiff alleges that on September 3, 2019, while he was incarcerated at the Chippewa Correctional Facility (URF), Defendant Wallis looked into the prisoner restroom and observed Plaintiff removing his kitchen work uniform.  Defendant Wallis asked Plaintiff what he was doing and Plaintiff replied that he was trying to get to his medical call-out, and that he was late.  Defendant Wallis searched Plaintiff, and then searched the restroom while Plaintiff waited at the desk.  Sergeant Gurnoe was seated at the desk and asked Plaintiff what was going on.  In the presence of Defendant Wallis, Plaintiff made a verbal complaint to Sergeant Gurnoe that he was being harassed by Defendant Wallis.  Defendant Wallis subsequently walked by empty handed.  Defendant Wallis repeatedly asked Plaintiff what he was doing, and Plaintiff responded "nothing."  Defendant Wallis then conducted a second shakedown on Plaintiff and told Plaintiff to leave the area and not to return.  When Plaintiff asked why he was being ordered to leave, since he had done nothing wrong, Defendant Wallis responded, "Don't come back."  (ECF No. 1, PageID.2–3.)

On September 5, 2019, Defendant Portice told Plaintiff that Defendant Wallis had written a ticket, but the ticket had been lost.  About fifteen minutes later, Defendant Portice called Plaintiff to the annex building to review him on the ticket, which falsely accused Plaintiff of breaking the light cover in the restroom and charged Plaintiff $52.09 in restitution.  Defendant

Portice stated that the evidence against him was a maintenance report, which he refused to show Plaintiff.

On September 10, 2019, Defendant Bigger conducted a hearing on the ticket and found Plaintiff not guilty due to a lack of any evidence. However, Defendant Bigger also refused to allow Plaintiff to see the maintenance report. On September 17, 2019, Plaintiff filed a grievance on Defendant Wallis and requested that all evidence be preserved. On September 21, 2019, Defendant Bigger reviewed the grievance. Defendant Bigger told Plaintiff that he should not have filed the grievance, since he had been found not guilty. Defendant Bigger threatened Plaintiff with another ticket if he did not sign off on the grievance, telling Plaintiff that she would go back and reinstate the restitution order for $52.09. Plaintiff states that he was forced to sign off on the grievance in order to avoid retaliation by Defendant Bigger.

Plaintiff subsequently filed a grievance on Defendant Bigger for threatening to retaliate against him. Plaintiff also filed a state civil action against Defendants Wallis, Portice, and Bigger, which included a request to join the "John Doe" who wrote the maintenance report showing alleged damage caused by Plaintiff. Although Plaintiff's lawsuit was dismissed because he failed to disclose prior state court lawsuits, the Defendants' response to the complaint showed that there was never any maintenance report, but merely a brief memo by Defendant Portice accusing Plaintiff of breaking a light cover and charging him $52.09 in restitution.

Plaintiff claims that the misconduct ticket by Defendant Wallis was issued in retaliation for his verbal complaint to Sergeant Gurnoe. Plaintiff further asserts that Defendants Wallis and Gimple clearly conspired with one another because Defendant Wallis's ticket charging $52.09 in restitution is dated September 4, 2019, but the "maintenance report" memo by Defendant Portice, which refers to the fictitious work/repair cost, is dated September 5, 2019. The memo

3

also shows that Defendant Portice was involved in the conspiracy, as does Defendant Portice's comment that the ticket had been lost, which Plaintiff believes was to buy time to fabricate a maintenance report.

Plaintiff claims that Defendant Bigger retaliated against him when she threatened Plaintiff with another misconduct ticket if he did not sign off on the grievance against Defendant Wallis, telling Plaintiff that she would go back and reinstate the restitution order for $52.09. Plaintiff also contends that Defendant Bigger conspired with the other Defendants, which is evidenced by the fact that she told Plaintiff she did not believe that Defendant Wallis was lying, even though she found Plaintiff not guilty due to lack of evidence. Finally, Plaintiff claims that Defendant Bigger obviously lied when she told him that the maintenance report was attached to his ticket, because she knew that no such report existed.

Plaintiff seeks damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**III.    Retaliation**

Plaintiff claims that Defendants Wallis and Bigger engaged in retaliatory conduct in violation of the First Amendment. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d

1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff claims that the misconduct ticket by Defendant Wallis was issued in retaliation for his verbal complaint to Sergeant Gurnoe. An inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("[W]e decline to hold that legitimate complaints lose their protected status simply because they are spoken."); *see also Pasley v. Conerly*, 345 F. App'x 981, 984–85 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by *threatening* to file a grievance). "Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form." *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (finding that a conversation constituted protected petitioning activity) (quoting *Pearson*, 471 F.3d at 741). Therefore, it is clear that Plaintiff's verbal complaint regarding Defendant Wallis perceived harassment constituted protected conduct.

To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002)

6

(emphasis in original).  Plaintiff received a misconduct ticket for destruction of property, which is a class II misconduct.  *See* MDOC Policy Directive 03.03.105B, Attachment B (eff. July 1, 2018).  If Plaintiff had been found guilty of the misconduct, he could have received toplock for up to five days, loss of privileges for up to thirty days, and assignment of extra duty for up to forty hours.  In addition, Plaintiff was facing a restitution order of $52.09.  The Court notes that the possible sanctions were sufficiently adverse to state a retaliation claim.

Finally, the Court notes that Plaintiff's allegations state the Defendant Wallis wrote the misconduct ticket on Plaintiff immediately after he overheard Plaintiff telling Sergeant Gurnoe that Defendant Wallis was harassing him.  Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'"  *Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)).  Therefore, the Court concludes that Plaintiff's retaliation claim against Defendant Wallis may not be dismissed on initial review.

Plaintiff claims that Defendant Bigger retaliated against him when she threatened Plaintiff with a misconduct ticket if he did not sign off on the grievance against Defendant Wallis, telling Plaintiff that she would go back and reinstate the restitution order for $52.09.  Plaintiff states that because of this threat, he signed off on the grievance.  A specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights, *see, e.g.*, *Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results).  In addition, Plaintiff had a right to file a nonfrivolous prison grievance.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.

7

2000). Therefore, Plaintiff's retaliation claim against Defendant Bigger is nonfrivolous and may not be dismissed on initial review.

## IV. Conspiracy

Plaintiff asserts that each of the Defendants conspired with each other to violate his rights. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

As evidence of a conspiracy, Plaintiff alleges that Defendant Wallis's ticket charging $52.09 in restitution is dated September 4, 2019, while the "maintenance report" memo by Defendant Portice is dated September 5, 2019. Plaintiff also contends that Defendant Portice's comment that the ticket had been lost evidences that Defendant Portice was attempting to buy time to fabricate a maintenance report. However, contrary to Plaintiff's assertion, neither of these facts show that Defendant Portice was part of a plan to conspire against him. Likewise, Plaintiff's allegations that Defendant Bigger told him that she did not believe that Defendant Wallis was

lying, or that she told him that the maintenance report was attached to his ticket do not show that she was acting in accordance with a shared plan.

Plaintiff's allegations of conspiracy are conclusory and speculative. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. In light of the far more likely possibility that the various incidents were unrelated, Plaintiff fails to state a plausible claim of conspiracy.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Gimple and Portice will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the conspiracy claims against the remaining Defendants. Plaintiff's retaliation claims against Defendants Wallis and Bigger remain in the case.

An order consistent with this opinion will be entered.

Dated:   November 5, 2021                                      /s/ *Maarten Vermaat*
                                                                      Maarten Vermaat
                                                                      United States Magistrate Judge